VICTORIA L. FRANCIS
TYSON M. LIES
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin Federal Courthouse
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4633 - Tori
Phone: (406) 247-4632 - Tyson
Fax: (406) 657-6058
Email: victoria.francis@usdoj.gov
        tyson.lies@usdoj.gov

Attorneys for Defendant, United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHERYL HARRIS, individually and as Guardian of T.H., a minor; and KENNETH HARRIS, individually and as Guardian of T.H., a minor;<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, on behalf of its agency, DEPARTMNET OF INTERIOR, BUREAU OF INDIAN AFFAIRS, and John and Jane Doe persons and entities 1 - 10,<br><br>Defendants. | CV 20-187-BLG-SPW-TJC<br><br>UNITED STATES' ANSWER |

Defendant the United States of America ("Defendant"), by and through its undersigned counsel, hereby answers Plaintiffs' Complaint (doc. 1), filed in the above-captioned case, as follows:

1.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint, and therefore denies the allegations on that basis.

2.  Paragraph 2 of the Complaint contains Plaintiffs' characterization of the case and legal conclusions regarding jurisdiction, which require no response. To the extent a response is required, Defendant United States admits that the Bureau of Indian Affairs (BIA) is a bureau of the U.S. Department of the Interior and that the U.S. Department of the Interior is a federal agency of the United States. Defendant denies the remaining allegations.

3.  Paragraph 3 of the Complaint sets forth legal conclusions regarding the Federal Tort Claims Act's waiver of sovereign immunity, to which no response is required. To the extent this paragraph cites or paraphrases any legal or statutory authority, those authorities speak for themselves, and Defendant denies the allegations contained in the paragraph to the extent they misstate or misrepresent the content of those same authorities. To the extent a response is required to any allegation in paragraph 3, the United States denies the allegations in paragraph 3.

4. Paragraph 4 of the Complaint constitutes Plaintiffs' characterization of the case and sets for the legal conclusions, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 and therefore denies the same on that basis.

5. Paragraph 5 of the Complaint sets forth legal conclusions regarding notice of Plaintiffs' claim, to which no response is required. To the extent a response is required, Defendant admits that T.H., through Cheryl and Kenneth Harris, who were identified as his guardians, submitted an administrative claim to the BIA by email on April 10, 2020. Defendant denies the remaining allegations.

6. In response to the allegations of paragraph 6 of the Complaint, Defendant admits that the Rosebud Lodge and Shelter is located in Montana. Defendant further admits the Secretary of the Interior, through the Bureau of Indian Affairs, Rocky Mountain Region, entered into an agreement with the Northern Cheyenne Tribe entitled "Rosebud Lodge Contract Number A18AV01077" for fiscal years 2019, 2020, and 2021. Defendant United States denies the remaining allegations in the first sentence. The second and third sentences of this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

7.      In response to the allegations of paragraph 7 of the Complaint, Defendant admits the Rosebud Lodge serves children in need of care who may have been removed from parental custody and control.   Defendant denies the remaining allegations in paragraph 7 of the first sentence.   The second sentence of this paragraph sets forth legal conclusions to which no response is required.   To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 7, and therefore denies the same on that basis.

8.      Defendant United States admits T.H. sustained injuries while he was a resident of the Rosebud Lodge on April 22, 2019.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8 and therefore denies the same on that basis.

9.      In response to the allegations of paragraph 9 of the Complaint, Defendant admits T.H. was admitted to the University of Utah Hospital Burn Unit on approximately April 23, 2019.   Defendant further admits that T.H. was approximately 10 months old on April 23, 2019.   Defendant also admits T.H. resided at the Rosebud Lodge from approximately March 29-April 22 of 2019.   Defendant lacks knowledge or information sufficient to form a belief about the

truth of the remaining allegations in paragraph 9 and therefore denies the same on that basis.

10. In response to the allegations of paragraph 10 of the Complaint, Defendant admits T.H. was transported to the Burn Unit.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10 and therefore denies the same on that basis.

11. In response to the allegations of paragraph 11 of the Complaint, Defendant admits T.H. underwent multiple surgeries at the Burn Unit.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first four sentences of paragraph 11 and therefore denies the same on that basis.   The final sentence of paragraph 11 sets forth legal conclusions regarding negligence and the standard of care, to which no response is required.   To the extent a response is required, Defendant denies the allegations of the final sentence for lack of sufficient information and knowledge.

12. In response to the allegations of paragraph 12 of the Complaint, Defendant admits the scald burns sustained by T.H. on April 22, 2019 appeared to be the result of hot water that issued from a hot water heater at the Rosebud Shelter.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first three sentences of paragraph

s:\civil\2021v00005\answer 3-17-21 final refiled_minor initials only.docx

5

12 and therefore denies the same on that basis.   The final sentence of paragraph 12 sets forth legal conclusions regarding negligence to which no response is required.   To the extent a response is required, Defendant denies the allegations of the final sentence.

13.   In response to the allegations of paragraph 13 of the Complaint, Defendant admits T.H. was burned on April 22, 2019 when he was a resident at the Rosebud Lodge.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 13 and therefore denies the same on that basis.

## COUNT I

14.   Defendant denies the allegations in paragraph 14.

## COUNT II

15.   Defendant denies the allegations in paragraph 15.

## COUNT III

16.   In response to the allegations of paragraph 16 of the Complaint, Defendant admits T.H. suffered injuries, but denies the remaining allegations in the paragraph because they pre-suppose that the damages were incurred as a result of Defendant's negligence.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 and therefore denies the same on that basis.

18. This paragraph sets forth Plaintiffs' prayer for relief to which no response is required. To the extent a response is required, Defendant denies Plaintiffs are entitled to the requested relief.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant denies all allegations of the Complaint, including prayers for relief, not expressly admitted in this Answer. The following defenses are applicable, where appropriate, to Plaintiffs' claims for relief.

## FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over this action. The Court lacks jurisdiction over any of the Plaintiffs' claims that were not the subject of their administrative tort claim. 28 U.S.C. § 2675(a). Plaintiffs' recoverable damages, if any, are limited to the amount requested in their administrative tort claim. 28 U.S.C. § 2675(b). The Court similarly lacks jurisdiction because the purported contract concerning the Rosebud Shelter was not valid under the Indian Self-Determination and Education Assistance Act and, in any event, the employees identified in the Complaint were not acting within the course and scope of their

employment.   The Court also lacks jurisdiction because the purportedly negligent acts of the identified employees fall within the intentional tort exception of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2680(h).

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

There is no waiver of sovereign immunity under the FTCA, and therefore the United States cannot be held liable for, any negligence committed by non-government entities, employees, and/or providers, which may have caused or contributed to any injury experienced by Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

Some of Plaintiffs' claims and recovery may be barred or reduced in whole or in part due to the contributory negligence of third parties not yet named as defendants in this action (Mont. Code Ann. §§ 27-1-702, 27-1-703).

## FIFTH AFFIRMATIVE DEFENSE

Some of Plaintiffs' damages may have pre-existed or arose subsequent to the alleged negligent acts identified within the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

The United States reserves the right to plead all other affirmative defenses or

any applicable state and Federal statutes which through discovery may become applicable.

**DATED** this 17th day of March, 2021.

                                              Leif M. Johnson
                                              Acting United States Attorney

                                              /s/ Tyson M. Lies
                                              Victoria L. Francis
                                              Tyson M. Lies
                                              Assistant U.S. Attorneys
                                              Attorneys for Defendant United States