# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| CHERYL HARRIS, individually and as Guardian of T.H., a minor; and KENNETH HARRIS, individually and as Guardian of T.H., a minor; <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, on behalf of its agency, DEPARTMENT OF INTERIOR, BUREAU OF INDIAN AFFAIRS, and John and Jane Doe persons and entities 1 - 10, <br><br> Defendants. | CV 20-187-BLG-TJC <br><br> **ORDER GRANTING MOTION FOR PROTECTIVE ORDER** |

This case involves allegations related to an incident in which a minor, T.H., suffered serious injuries. The parties have filed a Stipulation for Protective Order, an Unopposed Motion for Protective Order and Brief in Support of Protective Order regarding sensitive information, documents or evidence protected by the Privacy Act, 5 U.S.C. § 552a. (Docs. 21, 22, 23.) Based on the parties' stipulation, and a review of the brief in support of the order, and good cause appearing,

1

IT IS HEREBY ORDERED as follows:

1. All documents, information and evidence produced in this litigation related to a law enforcement or internal investigation, or in response to any discovery requests related to employment/personnel files or medical records, by the Defendant United States, shall be used only for the purposes of and within the confines of this case. All such documents and items shall be shown only to the parties to this case, their attorneys and attorneys' employees, any parties' retained or unretained experts or consultants, judges, court personnel, or mediators agreed upon by the parties to conduct a settlement conference, and/or witnesses to prepare for or during deposition or trial testimony. Such documents may be used as exhibits during depositions, motions for summary judgment and for trial. None of the documents or information described above shall be released, shown to, or otherwise disclosed to any other person, firm or entity, except as described above, unless ordered by the Court.

2. At the conclusion of this lawsuit, all of the documents described above and items shall be returned to counsel for Defendant United States, or destroyed by Plaintiffs' counsel.

3. Notwithstanding anything to the contrary contained herein, in no event shall this Protective Order be construed as a waiver by any of the parties of

the right to assert any privilege against disclosure, or any other basis justifying the non-disclosure of documents, including but not limited to the attorney-client, work product and law enforcement privileges.   The parties shall retain the right to interpose objections to specific discovery requests or responses, and to submit motions seeking to quash production of documents or to compel production.

    DATED this 21st day of May, 2021.

                                                              Timothy J. Cavan
                                                              U.S. Magistrate Judge